UNITED STATES COURT OF INTERNATIONAL TRADE

_____
                                              )
Tristar Products, Inc.,                       )
                                              )
                                              )
                        Plaintiff,            )   Court No. 21-00145
        v.                                    )
                                              )
United States,                                )
                                              )
                        Defendant.            )
_____)

## COMPLAINT

Plaintiff, through its undersigned attorneys, alleges the following as its complaint in this case:

1. The Court has jurisdiction of this action under 28 U.S.C. § 1581(a).

2. Plaintiff was the importer of record.

3. The protest and summons in this action were timely filed.

4. All liquidated duties, charges and exactions were paid prior to the commencement of this action.

5. The imported merchandise consists of two models of air fryer, both of which are tabletop appliances utilizing hot air circulated at a high speed to cook food items.

6. The first model, which is described on the invoice as item number 7-52356-82906-3, is a tabletop appliance with a 6 quart capacity that consists of a fry basket/cooking chamber, outer basket, motor, heating element, and fan.

7. The second model, which is described on the invoice as item number AFO-001, is a tabletop appliance that includes a rotisserie spit, pizza rack, baking pan, drip tray, crisper tray, motor, heating element, and fan.

8. Upon liquidation, U.S. Customs and Border Protection ("CBP") classified the imported merchandise as ovens under subheading 8516.60.4070, of the Harmonized Tariff Schedule of the United States ("HTSUS") which carries a 0% *ad valorem* rate of duty.

9. The subject merchandise was made in China and pursuant to HTSUS provision 9903.88.03 25% ad valorem duty was assessed on this merchandise at the time of liquidation.

10. The air fryers were not properly classified under subheading 8516.60.4070, HTSUS.

11. The air fryers are designed for the purpose of preparing food utilizing RUSH technology.

12. The air fryers use "Rapid Air" technology, which is the name given to the Radiant Up-Stream Heating ("RUSH") technology that was developed for air frying food preparation.

13. RUSH food preparation technology is different from that used in a conventional oven.

14. The air velocity from RUSH technology is approximately 5 – 6 miles per hour and allows for active cooking of food as opposed to passive cooking from a conventional oven with an air velocity that is relatively static, at approximately one (1) mile per hour.

15. The air fryers utilize a fan that is more than twice the size of a conventional oven while the cooking enclosure is less than 25% of the size of a conventional oven.

16. The air fryers do not prepare food utilizing a bottom heating element as does a conventional oven.

17. The air fryers utilize two circulating air flows that are not present in a conventional

oven.

18. The cooking technology utilized in air fryers cooks food faster, and utilizes less energy, than a conventional oven.

19. The cooking technology utilized in air fryers results in food that is air fried with a crispy, crunchy texture on the outside, while the inside remains moist and juicy.

20. The cooking results from an air fryer are similar to those achieved by utilizing a deep fryer but with little to no oil being used.

21. The cooking results from an air fryer cannot be replicated by utilizing a conventional oven.

22. The air fryers are not ovens of subheading 8516.60.4070, HTSUS.

23. The air fryers are not included within the scope of the other terms of subheading 8516.60.40.70 HTSUS. (Viz electric instantaneous or storage water heaters and immersion heaters; electric space heating apparatus and soil heating apparatus; electrothermic hairdressing apparatus and hand dryers; electric flatirons; other electrothermic appliances of a kind used for domestic purposes; electric heating resistors, other than those of heading 8545; and parts thereof; cooking stoves, ranges, cooking plates, boiling rings, grillers and roasters )

24. Pursuant to GRI 1, the subject merchandise is correctly classifiable as an "other electrothermic appliances" under subheading 8516.79.00, HTSUS, which carries a 2.9% ad valorem duty rate.

25. Merchandise from China classified under subheading 8516.79.00, HTSUS is not subject to an additional 25% duty rate.

  **WHEREFORE**, plaintiff respectfully requests the Court to find that the subject

merchandise is correctly classifiable under subheading 8516.79.0000, HTSUS; and to order CBP to re-liquidate the subject entries with refunds of excess duties paid and with interest as provided by law.

        Respectfully submitted,

        GRUNFELD, DESIDERIO, LEBOWITZ
        SILVERMAN & KLESTADT LLP
        Attorneys for Plaintiff

By:  s/Joseph M. Spraragen
      Robert B. Silverman
      Harold M. Grunfeld
      Neil Scott Helfand
      Joseph M. Spraragen
      599 Lexington Avenue
      36th Floor
      New York, New York 10022
      Tel. (212) 557-4000
      jspraragen@gdlsk.com

Dated: March 29, 2021
      New York, New York